## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**CLARISSA AND ROBERT SANCHEZ, on
behalf of themselves and others similarly
situated,
SHANNON WOODWORTH, on behalf of
herself and others similarly situated,
DAVID GALLEGOS, on behalf of himself
and others similarly situated,**

**Plaintiffs,**

**Civil Action No. _____**

**v.**

**MICHELLE LUJAN GRISHAM,
Individually, Acting Under the Color of Law,
RYAN STEWARD,
Individually, Acting Under the Color of Law,
KATHYLEEN M. KUNKEL,
Individually, Acting Under the Color of Law,
and the STATE OF NEW MEXICO,**

**Defendants.**

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, Clarissa and Robert Hernandez, Shannon Woodworth and David Gallegos on

behalf of themselves and on behalf others that are similarly situated ("Plaintiffs"), hereby bring

this action pursuant 42 U.S.C.A. § 1983 to stop Michelle Lujan Grisham, individually, acting in

her capacity as the Governor of New Mexico, Ryan Stewart, individually, acting in his capacity as

the Secretary of the State of New Mexico Department of Education, Kathyleen M. Kunkel,

individually, acting in her capacity as the Secretary of the State of New Mexico Department of

Health ("Defendants"), from denying the children of Southeast and Southern New Mexico an

equal, Free and Appropriate Public Education ("FAPE") pursuant to the Fourteenth Amendment

to the United States Constitution, N.M. Const. art. XII, § 1 and the Individuals with Disabilities Education Act ("IDEA") and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs Clarissa and Robert Hernandez are the parents of 4 school aged children in Lea County, New Mexico.

2. Plaintiff Shannon Woodworth is the parent of a school aged daughter with special needs that is entitled to the protection of the IDEA in her educational needs.

3. Plaintiff David Gallegos is an elected member of the Board of Education for Eunice Public Schools and an elected representative in the New Mexico House of Representatives.

4. Michelle Lujan Grisham is the Governor of New Mexico.

5. Ryan Stewart is the Secretary of the State of New Mexico Department of Education.

6. Kathyleen M. Kunkel is the Secretary of the State of New Mexico Department of Health.

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because, Plaintiffs on behalf of themselves and others similarly situated allege an imminent violation of its rights under the Constitution of the United States, the New Mexico Constitution and the IDEA.

8. The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because this action presents an actual controversy within the Court's jurisdiction.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b). All Defendants are residents of and/or perform their official duties in this district. In addition, a substantial part of the events giving rise to the claims in this Complaint arose in this district, because the prohibition of in-person schooling applies to certain counties in this district.

## BACKGROUND AND FACTS GIVING RISE TO COMPLAINT

10. On August 27, 2020, the Governor of New Mexico pursuant to the her authorities under the Public Health Emergency Response Act, her Secretary of Health's authorities under the Public Health Act and the authorities vested in her Secretary of Education issued a school reentry plan that delayed the return of in-person schooling for the children of 8 of the 33 counties in New Mexico, primarily in the southeast portion of the state pursuant to a provided map:



11. The map has since been updated to the map below, but instead of reflecting a recognition that school children of New Mexico are entitled to an equal education of an equal opportunity for in-person instruction the map now reflects that 10 of the 33 counties are prohibited from schools providing in-person learning:



12. No pre-deprivation due process has been provided to the children, parents, teachers or administrators of the affected counties.

13. No post-deprivation due process will be provided to the children, parents, teachers or administrators of the affected counties to address the propriety of depriving the school children of the equal education protected by the New Mexico Constitution pursuant to the plan of the State of New Mexico from her Governor.

14. No viable administrative remedy has been offered or could be offered that would or could cure the violation of the IDEA act by the state of New Mexico actions to deny children with special needs not only a FAPE, but to also to deny them the social interaction which IDEA also protects.

15. Under the IDEA, a local education agency (LEA), such as the school boards and schools in in the affected counties, would be the initial educational agency that would address a modification

to a child's IEP, provide a due process hearing and fashion an administrative remedy. However, under the current COVID mandates in effect from the Governor and the Secretary of Health not even the state educational agency (SEA, in this instance the NM PED) under IDEA could fashion a remedy that provides that children with special needs, in the affected counties, can be provided the opportunity for the requisite <u>full benefits of a free and appropriate education in an integrated, least restrictive educational environment</u>. Thus, it is impossible and therefore completely futile for parents of these children to avail themselves of administrative process that barred by the operation of the PHA, PHERA and Emergency Powers Act orders issued under the color of law by the Governor and her Secretary of Health.  And not even the SEA has the authority grant the wholesale remedy required to ensure that a FAPE is provided to these children in order to avoid violating the IDEA.

16.  The loss of a young life has already resulted due to the denial of in-person instruction. See EXHIBIT A attached hereto.

17. The State of New Mexico has admitted via its Secretary of Human Service Department that depriving children of an in-person education is not directed at stopping the spread of COVID-19 via school children:

> "One of the nuances that we're learning from doing the reading is that what actually increases spread is not the kids going to school," explained Dr. David Scrase, Secretary for the state's Human Services Department. "It's that the parents are now free with their kids in school to go out and about, have more contacts, go to stores, you know go back to work for example in person, rather than working from home."

*See* [https://www.krqe.com/news/education/new-mexico-health-officials-educators-struggling-to-determine-school-re-entry-plans/](https://www.krqe.com/news/education/new-mexico-health-officials-educators-struggling-to-determine-school-re-entry-plans/) .

18. In addition, to the admission by the State of New Mexico that the casual link between denying an in-person education and the spread of COVID-19 is attenuated at best, numerous public

health experts have gone on record with their opinions that denying in-person school presents little to no advantage in stopping the spread of the disease, making the decision to deny the children their equal education and/or a FAPE arbitrary and capricious. *See* EXHIBTS B - J,[1]

19. Importantly, with regard to the irreparable harm that this doing to New Mexico's children Dr. Mark McDonald declared in *Brach et al., v Newsome.,* that:

> Keeping schools closed contributes to a substantial known risk to children's health and safety. Psychological, social, and emotional development requires children to both spend time away from parents and with their peers, in structured settings, such as school. Robbing them of this critical experience places them at high risk of stunted growth and developmental arrest. In addition, extended periods of confinement provoke numerous mental and emotional illnesses such as depression, anxiety, phobias, self-harming behaviors and suicide. In vulnerable populations, physical and sexual abuse at home will worsen. I have seen a substantial increase in illness among existing pediatric patients in my clinical practice, all of whom have been confined at home for over three months. For patients with cognitive developmental delays like autism, most have regressed in years, and many have become violent toward themselves and their parents. No child in my practice has maintained or improved in his emotional condition since school closures began in March 2020.

*See* EXHIBIT K attached hereto. *See also* EXHIBIT L.

20. The continued denial of in-person instruction to some of New Mexico's children will deprive them of an equal education, deprive them of critical if not life-saving socialization, increase the exposure of those children to physical, emotional and sexual abuse, and will cause extreme damage to children with special needs.

21. The actions of the Defendants, all of them, acting individually under the color of law (the Governor acting through her executive orders, the Secretary of Health's Public Health Act and Public Health Emergency Response Act order and the Secretary of Education's guidelines or operating order for New Mexico's public schools,) to close certain counties schools to in-person learning, are arbitrary and capricious, lacking any justification in law or science, and

---

[1] All of the exhibits provided were made of record in *Brach et.al., v. Newsome* in the Federal Court for the Central District of California, Case 2:20-cv-06472-SVW-AFM.

were done in retaliation for punitive purposes based upon a perception that these communities were defying the authority of the Governor.

22. Parent Plaintiffs' children and the children of other similarly situated parents were and are being denied a free and uniform as their children are not able to participate in person instruction.  Likewise denying all children in these counties in-person instruction denies Plaintiff Woodworth's daughter of the necessary social interaction that is integral to receiving a FAPE and modifies her IEP in a way that cannot be remedied through a due process hearing. *See* EXHIBIT M.

23.  Exhaustion of the administrative remedies under IDEA is futile because under existing state law as implemented by the current Defendants, it is not possible for children such as Plaintiff Woodworth's to receive a FAPE.

24. Defendants individual actions taken under the color of law resulting in the denial of in-person instruction deprives Plaintiff Gallegos of the ability to fulfill his obligations as a school board member under the IDEA and under N.M. Const. art. XII, § 1 without affording him any due process of law before or after doing so.

## CLASS ACTION ALLEGATIONS

### A.    GENERAL CLASS ACTION ALLEGATIONS

25. Plaintiffs Clarissa and Robert Hernandez bring this action, on behalf of themselves and all others similarly situated with school aged children in Chaves, Curry, Doña Ana, Eddy, Hidalgo, Lea, Luna, McKinley, Quay and Roosevelt Counties, for the purpose of asserting the claims alleged in this complaint on a common basis.

26. Plaintiff Shannon Woodworth brings this action, on behalf of herself and all others similarly situated with school aged children with special needs that are entitled to the protections of the

IDEA in Chaves, Curry, Doña Ana, Eddy, Hidalgo, Lea, Luna, McKinley, Quay and Roosevelt Counties, for the purpose of asserting the claims alleged in this complaint on a common basis.

27. Plaintiff David Gallegos brings this action, on behalf of himself and all others similarly situated as teachers, adminstrators, or school board members that have been denied the opportunity to fulfill their constitutional and statutory educational and moral obligations in Chaves, Curry, Doña Ana, Eddy, Hidalgo, Lea, Luna, McKinley, Quay and Roosevelt Counties, for the purpose of asserting the claims alleged in this complaint on a common basis

28. A class action is a superior means, and the only practicable means, by which Plaintiffs and unknown class members can challenge the State of New Mexico's actions, acting through her Governor and the Governor's cabinet members, restricting the rights (constitutional and statutory) of Plaintiffs and similarly situated class members without providing them due process of law.

29. This action is brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(2).

30. This action satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b)(2), where applicable.

31. Plaintiffs propose three (3) classes seeking declaratory and injunctive relief.

32. The Declaratory and Injunctive Relief Classes are defined as: 1)the parents of the New Mexico school children who are or will be subject to the loss of the constitutionally guaranteed equal education without due process, 2)the parents of the New Mexico school children with special needs who are or will be subject to the denial of a FAPE in violation of the IDEA without any administrative remedy that would not be futile, and 3)school board members,

teachers and administrators that who are or will be denied the opportunity to meet their moral and statutory obligations to provide an equal education to the children of the affected counties.

### B.    RULE 23(A)(1): NUMEROSITY

33. The class is so numerous that joinder is impracticable.

34. The vast majority of these individuals are parents of children that will be denied an equal education.

35. The total number of individuals who children or children they are responsible to subjected to the denial of in-person instruction —either in the past, currently, or in the future—will likely number in the thousands.

### C.    RULE 23(A)(2): COMMONALITY

36. Common questions of law or fact exist as to all members of the classes.

37. All class members seek relief on the common legal question whether New Mexico's actions violate their constitutional or statutory rights by denying children either an equal education or in certain circumstances an owing FAPE without providing them any pre or post deprivation due process.

38. All class members also present a common factual questions in that they are responsible in some fashion for a child under their care being denied an equal education or FAPE.

39. All members of the declaratory and injunctive relief class seek relief on the common legal question whether a declaratory judgment and injunctive relief are appropriate relief for the asserted constitutional (both federal and state) violations.

### D.    RULE 23(A)(3): TYPICALITY

40. Plaintiffs' claims are typical of the claims of other respective members of the classes.

41. Like all members of the classes, Plaintiffs have a relationship with children that are subject to the

disparate loss of an equal education.

42. Like all members of the classes, Plaintiffs claim that the actions of the Governor, her Secretary of Education and her Secretary of Health are depriving their children of an equal education without due process of law.

43. Like all members of the declaratory and injunctive relief class, Plaintiffs seek a declaratory judgment that the actions of the Defendants are unlawful and unconstitutional and an injunction preventing the Defendants from continuing any such action.

44. There is nothing distinctive about Plaintiffs claim for declaratory relief or injunctive relief that would lead to a different result in their case than in any case involving other class members.

### E.    RULE 23(A)(4): ADEQUACY

45. Plaintiffs are adequate representatives of the classes because their interest in the vindication of their constitutional and statutory rights is entirely aligned with the interests of the other class members, each of whom has the same constitutional claims.

46. Plaintiffs are a member of the respective classes, and their interests do not conflict with those of the other class members with respect to any claims.

47. Plaintiffs are represented by attorneys from Western Agriculture, Resource and Business Advocates, LLP and the Barnett Law Firm, who have extensive experience litigating complex civil rights matters in federal court and detailed knowledge of New Mexico's law and other relevant issues.

48. Class counsel has undertaken a detailed investigation of New Mexico's policies, practices, and procedures as they relate to federal constitutional requirements.

49. Class counsel has developed and continues to develop relationships with Plaintiffs and others similarly situated.  The interests of the members of the class will be fairly and adequately

represented by Plaintiffs and their attorneys.

### F.     RULE 23(B)(2): DECLARATORY AND INJUNCTIVE RELIEF CLASS

50. A class action is appropriate for the declaratory and injunctive relief class under Rule 23(b)(2) because Defendants have acted on grounds that apply generally to the classes—namely the Governor's school reentry plan that denies students from 10 counties the equal opportunity for an equal education and denies students with special needs critical components of a FAPE ensured by the IDEA.

51. The classes seeks declaratory and injunctive relief to enjoin the State of New Mexico acting through her Governor and the Governor's cabinet members from denying certain students an equal education by disparately denying them in-person learning, placing their mental and physical well-being at additional grave risk.

52. Class status is particularly appropriate because there is an acute risk that any individual class member's claim for declaratory and injunctive relief will become moot before the litigation is finally resolved.

### G.     RULE 23(B)(3): DAMAGES CLASS

53. No class damages are sought by this lawsuit at this time, but no claims for damages should be deemed to be waived by this lawsuit.

### COUNT ONE VIOLATION OF THE RIGHT TO EQUAL EDUCATION WITHOUT DUE PROCESS OF LAW
### (N.M. Const. art. XII, § 1  and Fourteenth Amendment to U.S. Const.)

54. Plaintiffs hereby re-allege and incorporate by reference the allegations in paragraphs 1-51.

55. The New Mexico Constitution provides "A uniform system of free public schools sufficient for the education of, and open to, all the children of school age in the state shall be established and maintained." N.M. Const. art. XII, § 1.

56. Allowing some children the opportunity to benefit of in-person learning while denying that benefit to others is not maintaining a uniform system of free public schools.

57. Since its adoption in 1911 the New Mexico Constitution has secured the right of New Mexico's children to a free and uniform (or equal) education the requires that procedural due process must be afforded to the citizens before their children are deprived of that right. *See Medina v. California*, 505 U.S. 437, 446 (1992) ("Historical practice is probative of whether a procedural rule can be characterized as fundamental" for purposes of procedural due process).

58. The Fourteenth Amendment Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

59. The constitutionally protected right of New Mexicans to the benefit of having their children receive a free and uniform public education is the type of right or interest in the continued receipt of those benefits that is safeguarded by procedural due process. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576, 92 S. Ct. 2701, 2708, 33 L. Ed. 2d 548 (1972); *citing Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287.

60. The IDEA establishes a substantive right to a FAPE for certain Plaintiffs' children with disabilities. *See Board of Ed. of Hendrick Hudson Central School Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). The actions of Defendants to deprive these children of a FAPE and to modify their IEP's without providing a due process hearing violates procedural due process protections afforded by the Fourteenth Amendment. *See Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18 (1976)

**COUNT TWO DENIAL OF EQUAL PROTECTION (Fourteenth Amendment and N.M. Const. art. II, § 18)**

61. Plaintiffs hereby re-allege and incorporate by reference the allegations in paragraphs 1-59.

62. The Fourteenth Amendment Equal Protection Clause provides that no State shall "deny to any

person within its jurisdiction the equal protection of the laws."

63. Likewise, the New Mexico Constitution provides that "nor shall any person be denied equal protection of the laws. N.M. Const. art. II, § 18.

64. Thus, in order for New Mexico to deny "a discrete group of innocent children the free [and uniform pursuant to the NM Constitution] public education [] that it offers to other children residing within its borders, that denial must be justified by a showing that it furthers some substantial state interest." *Plyler v. Doe*, 457 U.S. 202, 230, 102 S. Ct. 2382, 2401–02, 72 L. Ed. 2d 786 (1982)

65. The state cannot reasonable justify its arbitrary and capricious decision in light of the overwhelming evidence that children receiving in-person instruction does not increase the spread of COVID – 19.

66. The state's actions violate the Equal Protection Clauses of the Fourteenth Amendment and Section 18 of the New Mexico Bill of Rights.

## COUNT THREE FAILURE TO PROVIDE A FREE AND APPROPRIATE PUBLIC EDUCATION
### (20 U.S.C.A. § 1401(8))

67. Plaintiffs hereby re-allege and incorporate by reference the allegations in paragraphs 1-64.

68. Modifications of the Individual Education Plan (IEP) for Plaintiff Woodworth's daughter and other similarly situated was done without following any of the procedural process that is required.

69. Denying Plaintiff Woodworth's daughter of the socialization necessary for her development and recognized in her IEP denies her a FAPE.

70.  The Tenth Cicuit has made clear that exhaustion of administrative remedies is required where there is available relief, which means "'relief for the events, condition, or consequences of

which the person complains, not necessarily relief of the kind the person prefers,' or specifically seeks." *Padilla ex rel. Padilla v. Sch. Dist. No. 1 in City & County of Denver, Colo.*, 233 F.3d 1268, 1274 (10th Cir. 2000); *citing Charlie F. v. Bd. of Educ.,* 98 F.3d 989, 992 (7th Cir.1996).

71. Exhausting her administrative remedies under the IDEA would be futile for Plaintiff Woodworth and others similarly situated because the state cannot rectify the conditions of denial of in-person learning without allowing all children currently being deprived of in-person learning the opportunity to reenter the schools for in-person learning and allowing for the least restrictive, integrated learning and socialization of children with special needs with other children in their class.

72. The State Educational Authority, the New Mexico Public Education Department,  is responsible for assuring that every child disabled within the meaning of the IDEA is provided with FAPE. *Chavez v. Bd. of Educ. of Tularosa Mun. Sch.*, 614 F. Supp. 2d 1184, 1200 (D.N.M. 2008), *aff'd in part, rev'd in part sub nom. Chavez ex rel. M.C. v. New Mexico Pub. Educ. Dept.*, 621 F.3d 1275 (10th Cir. 2010)

73. Teachers, administrators and school board members as members of the LEA are currently prohibited from satisfying their obligations to provide a FAPE and the SEA is prohibit by operation of the PHA-PHERA-ERA orders from remedying the denial of a FAPE.

74. The individual actions of the Defendants, acting under the color of law, collectively violate the IDEA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court enter an Order:

a.   Certify the classes as described above.

b.   Declaring that Defendants have unlawfully denied the school children of  Chaves, Curry, Doña Ana, Eddy, Hidalgo, Lea, Luna, McKinley, Quay and Roosevelt Counties a free and uniform public education without providing them owing due process of law;

c.   Declaring that Defendants have unlawfully denied the children of Chaves, Curry, Doña Ana, Eddy, Hidalgo, Lea, Luna, McKinley, Quay and Roosevelt Counties equal protection of the law without reasonable justification for doing so in an arbitrary and capricious manner;

d.   Declaring that the actions of the Defendants have denied students of a due and owing FAPE in violation of the IDEA;

e.   Preliminarily enjoining Defendants from prohibiting in-person instruction without providing equal and acceptable alternatives that provide a uniform educational system that also meets critical socialization requirements;

f.   Permanently enjoining Defendants from prohibiting in-person instruction  without providing equal and acceptable alternatives that provide a uniform educational system that also meets critical socialization requirements;

g.   Awarding Plaintiffs costs and reasonable attorneys' fees and expenses; and

h.   Granting Plaintiff all such other and further relief as the Court deems just and proper.

Dated: September 16, 2020                    Respectfully submitted,

                                             WESTERN AGRICULTURE,
                                             RESOURCE AND BUSINESS
                                             ADVOCATES, LLP

_/s/ A. Blair Dunn_
A. Blair Dunn, Esq.
Jared R. Vander Dussen
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com
warba.llp.jared@gmail.com